IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CITIFINANCIAL SERVICES, INC., | ) |
| | ) |
|   Plaintiff, | ) CASE NO. 4:10-cv-00039-CDL |
| | ) |
|   v. | ) |
| | ) |
| MARY J. OGLETREE, | ) |
| TOMMY OGLETREE, | ) |
| TERRY KEITH VALENTINE, | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
|   Defendants. | ) |

## FINAL CONSENT ORDER
## GRANTING PLAINTIFF'S MOTION TO CONFIRM FORECLOSURE

Per 28 U.S.C. § 2001 *et seq* and Georgia law, the Court finds as follows, regarding Plaintiff's Consent Motion to Confirm Foreclosure [Doc 15] as follows:

On 6/18/10, the Court granted Plaintiff's motion for default final judgment/entry of a consent decree of foreclosure and judgment of sale and entered a decree of foreclosure and order of sale of real property known as 986 Juniper Mill Pond Road, Box Springs, Talbot County, Georgia 31801 [the "Property"]. The Affidavit of Publication [Doc 14] and the U.S. Marshal's Report of Sale, [Doc 13] shows that on 8/3/10, Plaintiff purchased the Property for $309,612.67 as a credit bid against the sums due on the Note and Mortgage, which, per its Affidavit, [Doc 11, Exhibit 1] was a principal sum of $258,537.03, plus a per diem of $73.34, plus an NSF of $30.00, plus interest upon the principal, accruing

at the rate of 10.27% from 9/5/08, through date of judgment and late charges of $2,457.84. Therefore, Plaintiff does not presently seek a judgment on the above debt which was equalled by the credit bid.

However, regarding Count III of the Complaint, Plaintiff is entitled to an award of attorney's fees, as set forth in the Note and Deed, which remain unsatisfied. The Note, which stipulates it is governed by Georgia law, states that "Lender shall be entitled to all reasonable costs and expenses of collection, including but not limited to court costs and attorney's fees of 15% of the unpaid Principal balance. [Doc 1: Complaint, Exhibit 4: Note p. 3, Default] Upon evidence of indebtedness, O.C.G.A. § 13-1-11 (a)(1) provides that:

> If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness.

The award requires proper notice to the debtor, as set forth in Section (3), which may be contained in the Complaint. ***Dalcor Management v. Sewer Rooter***, 423 S.E.2d 419, 420-21 (1992) See also ***Pacific Mutual Life Ins. Co. v. Wise***, 878 F.2d 1398 (11th Circuit 1989)

Plaintiff provided the required notice in Count III of its Complaint and, based upon 15% of the outstanding principal of

$258,537.03, is now entitled to an award of attorney's fees against the Ogletree Defendants for $38,780.55, plus $380.00 in filing fees and recording costs and $750.00 for the fees paid by Plaintiff to the Marshal representing the costs in this action, which meets the Georgia and federal standards for confirmation of the foreclosure. No written objection to the sale was filed within the time period as allowed by law and it appearing that the sale of the Property was reasonable, proper and should be confirmed it is

ORDERED, ADJUDGED and DECREEED that Plaintiff's Motion to Confirm Foreclosure is GRANTED, the sale of the Property is approved and confirmed, of which Plaintiff is the owner and the U.S. Marshal is directed to execute and deliver a Deed of Sale for the Property to Plaintiff, free and clear of all liens, to deliver possession of the Property to Plaintiff as needed and to return to Plaintiff any remaining sums that Plaintiff has with the U.S. Marshal.

A final judgment is confirmed and entered against Defendants Mary J. Ogletree and Tommy Ogletree, jointly and severally, for Plaintiff's attorney's fees of $38,780.55, plus $380.00 in filing fees and recording costs, and $750.00 for the fees paid by Plaintiff to the Marshal, for which execution shall issue, with interest to accrue at the post-judgment rate. The Clerk shall enter this judgment as a final order and will close this case,

over which the Court shall retain jurisdiction to enter and enforce any orders to effectuate the judgment. The Property remains subject to redemption by the IRS, as provided in the Decree of Foreclosure and Order of Sale.

SO ORDERED, ADJUDGED AND DECREED this 13th day of October, 2010.

                                          S/Clay D. Land
                                               CLAY D. LAND
                                         UNITED STATES DISTRICT JUDGE

PREPARED AND CONSENTED TO BY:

| */s/Paul G. Wersant* | */s/Sheetul S. Wall* |
|---|---|
| Paul G. Wersant | Sheetul S. Wall |
| Georgia Bar No. 748341 | Georgia Bar No. 734724 |
| JOHNSON & FREEDMAN, L.L.C | Assistant U.S. Attorney |
| 1587 Northeast Expressway | Middle District of Georgia |
| Atlanta, Georgia 30329 | P.O. Box 2568 [zip 31902] |
| Telephone: (770) 234-9181 x8880 | 1246 First Avenue, Third Floor |
| Facsimile: (404)329-8010 | Columbus, Georgia 31901 |
| Email: pgwersant@jflegal.com | Telephone: (706) 649-7700 |
| Attorneys for Plaintiff | Facsimile: (706) 649-7667 |
| | sheetul.s.wall@usdoj.gov |

                                              */s/Terry K. Valentine*
                                              Terry K. Valentine
                                              2747 Blan Street,
                                              Columbus, Georgia 31903
                                              Telephone: (706) 333-0423
                                              terryvalentine@ymail.com
                                              Defendant *Pro-Se*